**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

NEURAL AI, LLC,

Petitioner,

v.

OAI INTERNATIONAL, INC.,

Respondent.

Misc. Case No. 3:26-mc-80261

**DECLARATION OF TANNER LAICHE IN SUPPORT OF NEURAL AI'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON THIRD-PARTY OAI INTERNATIONAL, INC.**

Principal case pending in Western District of Texas, Civil Action No. 7:24-cv-00221-LS-DTG

I, Tanner Laiche, declare as follows:

1. I am an attorney duly licensed to practice in the States of California and Washington and am admitted to the Western District of Texas. I am an associate at the law firm of Susman Godfrey LLP, and am a counsel of record for Petitioner Neural AI, LLC ("NAI") in the above-captioned matter. I make this declaration in support of NAI's Motion to Compel Compliance with Subpoena Served on Third-Party OAI International, Inc. (f/k/a OpenAI, LLC) ("OpenAI"). Unless otherwise stated, I have personal knowledge of the facts set forth herein and could competently testify thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of NAI's First Amended Complaint for Patent Infringement filed in the Underlying Action on December 12, 2024.

3. Attached hereto as **Exhibit 2** is a true and correct copy of U.S. Patent No. 8,648,867, entitled "Graphic Processor Based Accelerator System and Method."

4. Attached hereto as **Exhibit 3** is a true and correct copy of Reissue Patent No. RE48,438, entitled "Graphic Processor Based Accelerator System and Method."

5. Attached hereto as **Exhibit 4** is a true and correct copy of Reissue Patent No.

RE49,461, entitled "Graphic Processor Based Accelerator System and Method."

6. Attached hereto as **Exhibit 5** is a true and correct copy of NAI's Re-served Subpoenas to Produce Documents and to Testify at a Deposition served on OAI International, Inc., served on July 23, 2026, including the accompanying definitions, instructions, requests for production, deposition topics, and proof of service. The re-served subpoenas designate Lexitas, 1 Sansome Street, San Francisco, California 94104, as the place of compliance.

7. Attached hereto as **Exhibit 6** is a true and correct copy of NAI's Original Subpoenas to Produce Documents and to Testify at a Deposition served on OpenAI, LLC (now OAI International, Inc.), served on June 24, 2026, including the accompanying definitions, instructions, requests for production, deposition topics, and Affidavit of Service.

8. Attached hereto as **Exhibit 7** is a true and correct copy of NAI's January 20, 2026 Final Infringement Contentions Cover Page filed in the Underlying Action.

9. Attached hereto as **Exhibit 8** is a true and correct copy of NVIDIA's Amended Answer to NAI's Amended Complaint, filed on November 25, 2025, as docketed at Dkt. 130 in the Underlying Action (public, redacted version).

10. Attached hereto as **Exhibit 9** is a true and correct copy of Responses and Objections of Non-Party OpenAI to Subpoena of Plaintiff Neural AI, LLC to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated July 16, 2026.

11. Attached hereto as **Exhibit 10** is a true and correct copy of Responses and Objections of Non-Party OpenAI to Subpoena of Plaintiff Neural AI, LLC to Testify at a Deposition in a Civil Action, dated July 16, 2026.

12. Attached hereto as **Exhibit 11** is a true and correct copy of the email correspondence between counsel for NAI and counsel for OpenAI regarding the extension of time for OpenAI to serve its responses and objections to the original subpoenas.

13. Attached hereto as **Exhibit 12** is a true and correct copy of the meet-and-confer correspondence between counsel for NAI and counsel for OpenAI.

14. Attached hereto as **Exhibit 13** is a true and correct copy of NAI's Third-Party Questions provided to OpenAI on August 5, 2026.

15. Attached hereto as **Exhibit 14** is a true and correct copy of NAI's Draft Third-Party Declaration provided to OpenAI on August 5, 2026.

16. Attached hereto as **Exhibit 15** is a true and correct copy of an OpenAI blog post titled "OpenAI and NVIDIA announce strategic partnership to deploy 10 gigawatts of NVIDIA systems," printed from https://openai.com. I obtained this document from OpenAI's publicly accessible website on August 17, 2026.

17. Attached hereto as **Exhibit 16** is a true and correct copy of an NVIDIA Blog post titled "NVIDIA, OpenAI Announce 'Biggest AI Infrastructure Deployment in History'," printed from https://blogs.nvidia.com. I obtained this document from NVIDIA's publicly accessible website on August 17, 2026.

18. Attached hereto as **Exhibit 17** is a true and correct copy of the OpenAI Careers webpage, printed from https://openai.com/careers. I obtained this document from OpenAI's publicly accessible website on August 17, 2026.

19. Attached hereto as **Exhibit 18** is a true and correct copy of a news article titled "OpenAI enters Silicon Valley with massive lease in Google's backyard," printed from a publicly accessible news website. I obtained this document from a publicly accessible website on August 17, 2026.

20. Attached hereto as **Exhibit 19** is a true and correct copy of a news article titled "I went inside OpenAI's secretive San Francisco headquarters," printed from a publicly accessible news website. I obtained this document from a publicly accessible website on August 17, 2026.

The article describes OpenAI's headquarters in San Francisco's Mission Bay neighborhood.

21. Attached hereto as **Exhibit 20** is a true and correct copy of an OpenAI job listing for a "Product Manager, IT" position described as "based in our San Francisco HQ," printed from https://openai.com. I obtained this document from OpenAI's publicly accessible website on August 17, 2026.

22. Attached hereto as **Exhibit 21** is a true and correct copy of a letter from Matthew S. Warren, counsel for OpenAI, to Tanner Laiche, dated August 7, 2026.

23. Attached hereto as **Exhibit 22** is a true and correct copy of email correspondence from Tanner Laiche to counsel for OpenAI, dated August 10, 2026, responding to Mr. Warren's August 7, 2026 letter.

24. Attached hereto as **Exhibit 23** is a true and correct copy of a letter from Matthew S. Warren, counsel for OpenAI, to Tanner Laiche, dated August 12, 2026.

25. Attached hereto as **Exhibit 24** is a true and correct copy of email correspondence from Tanner Laiche to counsel for OpenAI, dated August 13, 2026, responding to Mr. Warren's August 12, 2026 letter.

26. Attached hereto as **Exhibit 25** is a true and correct copy of an email from Matthew S. Warren, counsel for OpenAI, to Tanner Laiche, dated August 14, 2026.

27. Attached hereto as **Exhibit 26** is a true and correct copy of email correspondence between Rocco Magni, counsel for NAI, and Matthew S. Warren, counsel for OpenAI, dated August 14-16, 2026, confirming the substance of a meet-and-confer telephone conference held on August 14, 2026.

28. Attached hereto as **Exhibit 27** is a true and correct copy of an email from Matthew S. Warren, counsel for OpenAI, to Rocco Magni, counsel for NAI, dated August 17, 2026, declining NAI's final offer and stating OAI International's reasons for refusing to produce documents

sufficient to show the information sought in NAI's previously circulated draft declaration.

29. The Underlying Action—*Neural AI, LLC v. NVIDIA Corporation*, Case No. 7:24-cv-00221-LS-DTG (W.D. Tex.)—is a patent infringement action in which NAI alleges that NVIDIA Corporation's ("NVIDIA") GPU-accelerated computing hardware and software infringe U.S. Patent No. 8,648,867 (the "'867 Patent"), Reissue Patent No. RE48,438 (the "'438 Patent"), and Reissue Patent No. RE49,461 (the "'461 Patent") (collectively, the "Asserted Patents").

30. Throughout discovery in the Underlying Action, NVIDIA has taken the position that NAI must obtain evidence from NVIDIA's customers and end users to prove how the accused products are actually deployed and configured. During a sealed discovery conference on September 8, 2025, NVIDIA's counsel represented to the Court that it only provides tools for end-user companies to build their own AI applications on NVIDIA hardware and that if NAI wanted to learn how the accused software was deployed in real-world systems, NAI would need to seek that information directly from NVIDIA's customers and end users.

31. Throughout discovery NVIDIA has also disclaimed knowledge concerning how its customers, partners, and end users ultimately deploy, configure, and operate NVIDIA hardware and software. NAI accordingly turned to third-party discovery, including subpoenas to OpenAI, to obtain the evidence NVIDIA contends NAI must have.

32. As of the date of this declaration, OpenAI has not: (a) identified any specific document requests to which it will respond; (b) agreed to produce any responsive documents; (c) answered NAI's technical questions; (d) proposed any revisions to the draft declaration; (e) designated a witness for deposition; or (f) committed to any date by which it will do any of the foregoing.

33. Document discovery in the Underlying Action closed on August 11, 2026. Defendant NVIDIA Corp. in the underlying action stipulated to extend the deadline for third-party

motions to compel to August 18, 2026. Deposition discovery closes on September 16, 2026.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 17, 2026, in Seattle, Washington.

Tanner Laiche