# EXHIBIT

# 10

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| NEURAL AI, LLC, | § | |
| | § | |
| Plaintiff, | § | Case No. 7:24-cv-00221-LS-DTG |
| | § | |
| v. | § | |
| | § | |
| NVIDIA CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**RESPONSES AND OBJECTIONS OF NON-PARTY OAI INTERNATIONAL, INC. TO SUBPOENA OF PLAINTIFF NEURAL AI, LLC TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

Under Federal Rule of Civil Procedure 45, non-party OAI International, Inc. ("OAI International")[1] responds and objects to the subpoena for testimony (the "Subpoena") by plaintiff Neural AI, LLC and each Deposition Topic ("Topic") as set forth below:

**GENERAL OBJECTIONS**

1. OAI International objects to the Subpoena on the grounds that the commanded place of deposition is not within 100 miles of any place where OAI International resides or regularly transacts business in person, and the Subpoena is therefore invalid for failure to meet the requirements of Fed. R. Civ. P. 45(c)(1)(A).

2. OAI International objects to the Subpoena on the grounds that it is untimely, does not allow OAI International sufficient time to respond, does not comport with the Federal Rules of Civil Procedure, and attempts to impose an undue burden on non-party OAI International. Discovery opened in the underlying litigation on Wednesday, July 30, 2025, and closes on Tuesday, August 11, 2026. Docket No. 39 at 2; Docket No. 163. Plaintiff failed to seek

[1] The Subpoena names OpenAI, LLC. In December 2025, OpenAI, LLC converted into OAI International, Inc., a Delaware corporation.

discovery from OAI International in a reasonable and timely fashion. Plaintiff's decision to serve the Subpoena at the eleventh hour seeks to shift the burden of their own delay onto OAI International and violates Rule 45 of the Federal Rules of Civil Procedure.

3. OAI International objects to the Subpoena on the grounds that it is unduly burdensome because the Topics are not reasonably tailored in scope.

4. OAI International objects to the Subpoena on the grounds that it seeks to impose an undue burden on OAI International, which is not a party to the underlying action.

5. OAI International objects to the Subpoena on the grounds that it seeks testimony or information in the possession, custody, or control of a party to the underlying action, or that is equally available from another source that is more convenient, less burdensome, or less expensive than requiring OAI International to produce such testimony or information. Non-party OAI International should not bear the burden of preparing and producing such testimony or information unless and until plaintiff has exhausted all reasonable means of obtaining that information from other sources.

6. OAI International objects to the Subpoena on the grounds that it seeks testimony or information that is not relevant to any party's claims or defenses and proportionate to the needs of the case.

7. OAI International objects to the Subpoena on the grounds that plaintiff has not provided sufficient information to allow OAI International to determine the scope of the underlying claims at issue, and therefore the reasonable scope of relevant testimony responsive to the Subpoena. Because plaintiff did not provide any documents regarding its infringement contentions, OAI International is unable to discern whether the testimony or information sought

by the Subpoena are relevant to any claim or defense, and thus cannot determine its obligations, if any, to respond to the Subpoena.

8. OAI International objects to the Subpoena on the grounds that the specified date and time for compliance is unreasonable and unduly burdensome. Plaintiffs selected the date and time of deposition unilaterally, without consulting with OAI International. To the extent OAI International provides testimony in response to the Subpoena, it will do so at a date and time mutually agreeable to the parties.

9. OAI International objects to the Subpoena to the extent it purports to require OAI International to perform more than a reasonable and diligent search for testimony or information from reasonably accessible sources.

10. OAI International objects to the Subpoena to the extent it seeks testimony or information that is not reasonably accessible to OAI International.

11. OAI International objects to the Subpoena on the grounds that it calls for testimony or information covering an overly broad period of time.

12. OAI International objects to the Subpoena to the extent it seeks testimony or information protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery. Any disclosure of privileged information by OAI International in response to the Subpoena shall not waive any privilege, and OAI International expressly requests that any party that receives any privileged information produced by OAI International immediately return them and make no use of any privileged information.

13. OAI International objects to the Subpoena to the extent it seeks confidential financial, proprietary or trade secret information belonging to OAI International or a third party,

or any other information subject to a confidentiality agreement, protective order or legal duty of non-disclosure. OAI International will only produce confidential information under a suitable protective order, and only to the extent OAI International can do so consistent with its legal, contractual and other confidentiality obligations.

14. OAI International objects to the Subpoena on the grounds that it failed to include the required witness fees, and is therefore invalid for failure to meet the requirements of Fed. R. Civ. P. 45(b)(1).

15. OAI International objects to the Subpoena's definition of "NVIDIA GPUs" on the grounds that it renders the Subpoena overbroad, vague and ambiguous, and unduly burdensome by listing more than 200 purported devices and also by seeking to include "any and all variations of the aforementioned products (including at least products having different options for number of GPUs)."

16. OAI International objects to the Subpoena's definition of "Document(s)," which references Federal Rules of Civil Procedure 26 and 34 but then purports to provide a definition not found in those Rules. OAI International will interpret this term as defined in the Federal Rules of Civil Procedure 26 and 34.

17. OAI International objects to the definitions of "concerning," "related to," "relating to," and "regarding" as vague, overbroad and unduly burdensome. OAI International will interpret these terms to mean concerning, reflecting, discussing or describing.

18. OAI International objects to the definition of "NVIDIA" on the grounds that the definition renders the Subpoena overbroad, vague and ambiguous, and unduly burdensome. OAI International will interpret "NVIDIA" to mean Defendant NVIDIA Corporation.

19. OAI International objects to the Subpoena's definition of "Source Code" on the grounds that it renders the Subpoena overbroad, vague and ambiguous, and unduly burdensome. OAI International will interpret this term using the common-sense English meaning of the phrase "source code."

20. OAI International objects to the Subpoena's definition of "You" and "Your" on the grounds that the definition renders the Subpoena overbroad, vague and ambiguous, and unduly burdensome. OAI International further objects to the Subpoena to the extent it seeks information not currently in the possession, custody, or control of OAI International. OAI International responds solely on behalf of itself, OAI International, Inc., and not any other person or entity. OAI International further objects to the Subpoena's definition of "You" and "Your" on the grounds that the definition includes OAI International's attorneys and requires OAI International to provide a legal conclusion or to produce documents or information that is protected by any privilege, including the attorney-client privilege, work product immunity doctrine, common interest privilege, or any other applicable privilege, immunity, or restriction on discovery.

21. OAI International objects to the Subpoena to the extent it seeks testimony or information not in OAI International's possession, custody, or control.

22. OAI International may assert additional objections, or supplement its objections and responses as appropriate, particularly if plaintiff provides any additional information regarding the Subpoena or the underlying claims.

## **OBJECTIONS AND RESPONSES TO DEPOSITION TOPICS**

**DEPOSITION TOPIC 1:**

The NVIDIA software and libraries You use to perform computations, including but not

limited to NVIDIA's Aerial, Clara Parabricks, cuBLAS, cuDNN, cuFFT, cuQuantum, cuSOLVER, cuSPARSE, Drive, DriveWorks, Holoscan, Isaac, Isaac Lab, Maxine, Memory Map, Merlin, Metropolis, Modulus, Monai, Morpheus, NeMo, PyTorch, RAPIDS, Riva, Runtime Driver, TensorFlow, TensorRT, Triton, VSS (Deepstream).

**RESPONSE TO DEPOSITION TOPIC 1:**

In addition to the foregoing general objections, which OAI International incorporates herein by reference, OAI International further objects to this Topic on the grounds that it is unduly burdensome and overbroad. OAI International further objects to this Topic on the grounds that it is vague and ambiguous, including without limitation as to the phrases "NVIDIA software and libraries" and "use to perform computations." OAI International further objects to this Topic on the grounds that it seeks information already in the possession of a party to the litigation. OAI International further objects to this Topic on the grounds that it seeks information that is not within OAI International's possession, custody or control. OAI International further objects to this Topic on the grounds that it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. OAI International further objects to this Topic on the grounds that it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order. OAI International further objects to this Topic on the grounds that the issuing party failed to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. OAI International further objects to this Topic on the grounds that it seeks information that is not reasonably accessible by OAI International without undue burden and cost.

**DEPOSITION TOPIC 2:**

The NVIDIA sample Source Code You use, in whole or in part, to conduct computations.

**RESPONSE TO DEPOSITION TOPIC 2:**

In addition to the foregoing general objections, which OAI International incorporates herein by reference, OAI International further objects to this Topic on the grounds that it is unduly burdensome and overbroad. OAI International further objects to this Topic on the grounds that it is vague and ambiguous, including without limitation as to the phrases "sample Source Code" and "use, in whole or in part, to conduct computations." OAI International further objects to this Topic on the grounds that it seeks information already in the possession of a party to the litigation. OAI International further objects to this Topic on the grounds that it seeks information that is not within OAI International's possession, custody or control. OAI International further objects to this Topic on the grounds that it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. OAI International further objects to this Topic on the grounds that it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order. OAI International further objects to this Topic on the grounds that the issuing party failed to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. OAI International further objects to this Topic on the grounds that it seeks information that is not reasonably accessible by OAI International without undue burden and cost.

**DEPOSITION TOPIC 3:**

Your customizations and/or data inputs to NVIDIA software that alter the way in which NVIDIA software performs computations and/or a description of the data input to NVIDIA software on which computations are run.

**RESPONSE TO DEPOSITION TOPIC 3:**

In addition to the foregoing general objections, which OAI International incorporates herein by reference, OAI International further objects to this Topic on the grounds that it is unduly burdensome and overbroad. OAI International further objects to this Topic on the grounds that it is vague and ambiguous, including without limitation as to the phrases "customizations and/or data inputs"; "software"; "alter"; and "the way in which NVIDIA software performs computations." OAI International further objects to this Topic on the grounds that it seeks information already in the possession of a party to the litigation. OAI International further objects to this Topic on the grounds that it seeks information that is not within OAI International's possession, custody or control. OAI International further objects to this Topic on the grounds that it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. OAI International further objects to this Topic on the grounds that it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order. OAI International further objects to this Topic on the grounds that the issuing party failed to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. OAI International further objects to this Topic on the grounds that it seeks information that is not reasonably accessible by OAI International without undue burden and cost.

**DEPOSITION TOPIC 4:**

Identification of Your software that uses NVIDIA GPUs to perform computations.

**RESPONSE TO DEPOSITION TOPIC 4:**

In addition to the foregoing general objections, which OAI International incorporates herein by reference, OAI International further objects to this Topic on the grounds that it is

unduly burdensome and overbroad. OAI International further objects to this Topic on the grounds that it is vague and ambiguous, including without limitation as to the phrases "software"; "uses"; and "perform computations." OAI International further objects to this Topic on the grounds that it seeks information already in the possession of a party to the litigation. OAI International further objects to this Topic on the grounds that it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. OAI International further objects to this Topic on the grounds that it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order. OAI International further objects to this Topic on the grounds that the issuing party failed to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. OAI International further objects to this Topic on the grounds that it seeks information that is not reasonably accessible by OAI International without undue burden and cost.

**DEPOSITION TOPIC 5:**

Using Your software, the ways in which output data from a GPU computation(s), including intermediate results of GPU computations are stored, referenced by a pointer, transferred, copied, streamed, written back, returned, accumulated, reused, or made available including asynchronously from NVIDIA GPU memory to CPU memory, host memory, system memory, storage, display, network, or another memory location before, during, or in parallel with computations performed using NVIDIA GPUs.

**RESPONSE TO DEPOSITION TOPIC 5:**

In addition to the foregoing general objections, which OAI International incorporates herein by reference, OAI International further objects to this Topic on the grounds that it is

unduly burdensome and overbroad. OAI International further objects to this Topic on the grounds that it is vague and ambiguous, including without limitation as to the phrases "software"; "GPU computation"; "output data from a GPU computation(s)"; and "computations performed." OAI International further objects to this Topic on the grounds that it seeks information already in the possession of a party to the litigation. OAI International further objects to this Topic on the grounds that it seeks information that is not within OAI International's possession, custody or control. OAI International further objects to this Topic on the grounds that it seeks information not relevant to any claim or defense and not proportionate to the needs of the case. OAI International further objects to this Topic on the grounds that it seeks information that is highly confidential, proprietary, that contains trade secrets, or is subject to a confidentiality agreement or protective order. OAI International further objects to this Topic on the grounds that the issuing party failed to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. OAI International further objects to this Topic on the grounds that it seeks information that is not reasonably accessible by OAI International without undue burden and cost.

Date: July 16, 2026

Respectfully submitted,

Matthew S. Warren
Erika H. Warren
Madeline A. Woodall
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-221@cases.warrenllp.com

*Attorneys for Non-Party OAI International, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on July 16, 2026, I served the foregoing responses and objections on counsel for Neural AI, LLC at the following address:

Emily Portuguese
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York, 10001

by placing it in a sealed envelope with postage paid and placing the envelope in the exclusive custody of the United States Postal Service. On the same day, I also sent a courtesy copy of these responses and objections by electronic mail to eportuguese@susmangodfrey.com.

Kailey Fung