# EXHIBIT

# 22

**Subject:** Re: Neural AI, LLC v. NVIDIA Corporation, No. 24-221 (W.D. Texas)
**Date:** Monday, August 10, 2026 at 7:32:18 AM Pacific Daylight Time
**From:** Tanner Laiche
**To:** Madeline Woodall
**CC:** Neural AI, LLC v. NVIDIA Corporation, Rocco Magni, Tamar Lusztig, Brian Melton, Max Tribble, Emily Portuguese, Samuel Drezdzon, Rachel Hanna, Richard Wojtczak, Rachel Solis

Dear Mr. Warren,

I write in response to your August 7 letter. We appreciate the response, but it does not really address the substance of Neural AI's proposal, and a few points warrant clarification.

First, the current timing is not of Neural AI's making. Fact discovery closes on a schedule set by the Court. Neural AI served subpoenas on OAI International on June 25, well within the discovery period, and promptly re-served corrected subpoenas on July 24 after OAI International declined to engage based on its place-of-compliance objection. OAI International has not provided any substantive information in response to either set of subpoenas.

We are now approaching the Court-ordered deadline for discovery motions, so Neural AI needs to file a motion to compel to preserve its rights and avoid any argument that it waived the issue. That does not mean the parties cannot keep working toward a resolution. If we reach an agreement, Neural AI would promptly withdraw the motion. We would also be willing to stipulate to an extension of OAI International's deadline to respond to the motion while those discussions continue.

Second, the suggestion that Neural AI is trying to "shift work" to a non-party misses the point. Neural AI's claims against NVIDIA concern, among other things, how NVIDIA hardware and software operate in actual use. OAI International is a significant user of NVIDIA GPUs and software, and its use of those products is directly relevant to how the accused technology operates in practice. Neural AI cannot get that information from NVIDIA or another source.

We also are not insisting on full compliance with the subpoenas. To reduce the burden on OAI International, we provided a short set of focused questions and a draft declaration as an alternative to broader document production and a deposition. The draft asks for basic factual information about OAI International's own operations, including what NVIDIA software it uses, whether it modifies NVIDIA source code, and certain aspects of how its systems handle standard data-flow operations. Those are targeted factual questions, not a "fishing expedition."

NVIDIA has now agreed to a one-week extension of Neural AI's deadline to file discovery

motions. In light of that extension, Neural AI is willing to hold off on filing until Monday, August 17, provided OAI International commits to providing by then an executed declaration from a knowledgeable witness that substantively addresses OAI International's use of NVIDIA software, whether it modifies NVIDIA source code, and the other principal factual issues covered by our draft. OAI International is, of course, free to revise the declaration as needed to make sure it is accurate. But if Neural AI is going to accept a declaration in place of deposition testimony or further document production, the declaration needs to address the main issues in our draft rather than simply omit them.

We think this is a reasonable way to avoid unnecessary motion practice while substantially reducing the burden on OAI International. We are happy to discuss further if helpful.

Regards,

**Tanner Laiche**
**Susman Godfrey LLP**
206.505.3816 l tlaiche@susmangodfrey.com
401 Union Street l Suite 3000 l Seattle, WA 98101
**HOUSTON • LOS ANGELES • SEATTLE • NEW YORK**

---

**From:** Madeline Woodall <madeline@warrenllp.com>
**Date:** Friday, August 7, 2026 at 7:23 PM
**To:** Tanner Laiche <TLaiche@susmangodfrey.com>
**Cc:** Neural AI, LLC v. NVIDIA Corporation <24-221@cases.warrenllp.com>
**Subject:** Neural AI, LLC v. NVIDIA Corporation, No. 24-221 (W.D. Texas)

EXTERNAL Email

Counsel:

Attached please find a letter from Matthew S. Warren. Please let me know if you do not receive this attachment in good order.

Best,
Madeline Woodall

--
Madeline Woodall madeline@warrenllp.com +1 (415) 895-2992