# EXHIBIT

# 23

Warren LLP

Warren LLP
2261 Market Street, No. 606
San Francisco, California 94114

TEL +1 (415) 895 2940
FAX +1 (415) 895 2964
warrenllp.com

August 12, 2026

**By Electronic Mail**

Tanner Laiche
Susman Godfrey LLP
401 Union Street
Seattle, Washington, 98101
tlaiche@susmangodfrey.com

**Re: Neural AI, LLC v. NVIDIA Corporation, No. 24-221 (W.D. Texas)**

Dear Mr. Laiche:

I write on behalf of non-party OAI International, Inc., in response to your email of yesterday, which responded to my letter of this past Friday, August 7, and so forth. Your letter sets a new deadline of Monday, August 17, by which OAI International must execute a lengthy and detailed declaration or face a motion to compel. Neural AI seeks to use its own delay against non-party OAI International, avoiding the normal meet-and-confer process by engineering its own emergency and issuing an ultimatum based on that engineered emergency. The Rules do not allow such tactics. If, as you write, Neural AI seeks a mutually acceptable resolution here, you will promptly answer the four questions I set forth below.

**First, why did it take so long for Neural AI to serve its initial subpoena?** In my letter of August 7, I noted that fact discovery in the underlying action opened on July 30, 2025, but Neural AI did not serve any subpoenas on OAI International until almost a year later on June 25, 2026. I further noted that Neural AI has not explained its lengthy initial delay or how that delay was reasonable. In your email of August 10, you noted that June 25 was within the period for fact discovery. But that dodged my question, which I will repeat: why didn't Neural AI serve this subpoena six or even nine months earlier, which would have given us plenty of time to resolve the place of compliance and meet and confer about a reasonable scope?

**Second, what is your basis for seeking information from OAI International?** During my July 22 conversation with Mr. Magni, he stated that Neural AI seeks information about potential contributory infringement by NVIDIA. NVIDIA's chips by themselves do not infringe Neural AI's patents, he explained, but certain configurations of certain NVIDIA chips, combined with certain software, do infringe those patents, at least according to Neural AI. The purpose of Neural AI's discovery, Mr. Magni explained, was to see whether OAI International used NVIDIA's chips in this allegedly infringing configuration. But that explanation begs another question: what is Neural AI's basis for believing that OAI International uses NVIDIA chips in an allegedly infringing configuration? Or are you just hoping? If the latter, how is your unsupported hope of receiving a certain answer sufficient grounds to support any subpoenas, let alone subpoenas as burdensome as those Neural AI has served on OAI International?

**Third, what is the focused set of information that you require specifically from OAI International and not from anyone else?** I have consistently requested that Neural AI provide a narrowed set of discovery requests; most recently, in my letter of August 7, I repeated that if Neural AI seeks discovery rather than a fight, it will provide OAI International with a focused list of the information Neural AI believes is truly required for the prosecution of this action, along with a clear explanation of why Neural

AI needs this information from non-party OAI International, and cannot obtain it from any other source. Neural AI has consistently declined to narrow its requests. Instead it has provided a list of questions and a draft declaration, and demanded that we use the questions to fill out the declaration, or else. But of course Rule 45 does not allow interrogatories, which is what Neural AI seeks through the declaration, and the questions and declaration seek information not sought by the subpoenas. Insisting that OAI International execute a sworn declaration, which Rule 45 does not allow you to request, is not a good-faith attempt to meet and confer about Rule 45 subpoenas. So I will ask again: what is the focused list of information responsive to your subpoenas that Neural AI believes is truly required for the prosecution of this action, and why does Neural AI need this information specifically from non-party OAI International?

**Fourth, why is the information Neural AI seeks relevant to claims or defenses in the action and proportionate to the needs of the case, and how has Neural AI sought to avoid imposing undue burden and expense on non-party OAI International?** I don't have to tell you that Rules 26 and 45 require Neural AI to meet this standard; so far, we have seen no indication you have done so, and the information we do have indicates the contrary. The only information we have about your relevance and proportionality claims comes from my July 22 conversation with Mr. Magni, in which he explained that certain configurations of certain NVIDIA chips, combined with certain software, allegedly infringe Neural AI's patents. Even assuming that this basis is sufficient—about which we have doubts, see my second question above—among many other things, the subpoenas seek information regarding *all* configurations of *all* NVIDIA chips, whether allegedly infringing or not, and therefore seek information that is not relevant to any claim or defense in this action, is not proportionate to the needs of the case, and seeks to impose undue burden or expense on non-party OAI International. Luckily, I have given you the tools to remedy this and other deficiencies in my third question above: once Neural AI has provided its focused list of information responsive to its subpoenas that it believes is truly required for the prosecution of this action and must come from non-party OAI International, it should be no problem to provide your explanation of how you have met the requirements of Rules 26 and 45.

* * * * *

If Neural AI is seeking discovery rather than a fight, it will provide complete and straightforward answers to these four questions. I encourage you to do so rather than file a motion to compel. But if Neural AI insists on filing a motion to compel, OAI International will defend on all available grounds, including without limitation Neural AI's failure to meet and confer in good faith regarding its subpoenas. Thank you for your continued time and courtesy in this matter.

Very Truly Yours,

Matthew S. Warren