# EXHIBIT

# 24

**Monday, August 17, 2026 at 7:04:25 AM Pacific Daylight Time**

---

**Subject:** Re: Neural AI, LLC v. NVIDIA Corporation, No. 24-221 (W.D. Texas)
**Date:** Thursday, August 13, 2026 at 6:30:54 AM Pacific Daylight Time
**From:** Tanner Laiche
**To:** Kailey Fung
**CC:** Neural AI, LLC v. NVIDIA Corporation, Rocco Magni, Tamar Lusztig, Brian Melton, Max Tribble, Samuel Drezdzon, Emily Portuguese, Rachel Hanna, Richard Wojtczak, Rachel Solis

Counsel,

We write in response to your August 12 letter. OAI International has had Neural AI's subpoenas since June 24. In the nearly two months since, OAI has produced no documents, designated no witness, and proposed no concrete substantive narrowing. Neural AI has met and conferred and offered a short declaration as an alternative to document production and deposition testimony to reduce any burden on OAI. OAI's suggestion that Neural AI has manufactured an "emergency" by offering additional time to resolve these issues without motion practice gets things backwards.

We will address your four questions directly.

**First,** Neural AI first pursued this discovery from NVIDIA. NVIDIA took the position that it could not testify about how its customers and end users actually configure and operate NVIDIA hardware and software and that Neural AI needed to obtain those facts from third parties. Neural AI therefore served OAI during the fact-discovery period.

Nothing in Rule 45 requires a subpoena to be served six or nine months before the discovery deadline. Nor has OAI identified any prejudice from the timing. The relevant point is that OAI has had the subpoenas since June 24 and, rather than engage on their substance, it initially refused to do so outright based on a place-of-compliance objection. Neural AI addressed that objection by re-serving the subpoenas. Six week later, OAI still has not agreed to produce a single document or designate a witness.

**Second**, there is nothing speculative about our basis for this discovery. OAI publicly states that NVIDIA "remains the foundation of our infrastructure" and that its "training fleet and the majority of [its] inference stack continue to run on Nvidia GPUs." OAI has likewise publicly identified the use of NVIDIA Hopper and Blackwell systems for OAI workloads, and its own technical materials and recruiting materials describe work involving NVIDIA GPUs and NVIDIA software including CUDA, cuBLAS, cuSPARSE, and NCCL. That is ample basis for discovery into which accused NVIDIA GPUs and software OAI actually uses and how it uses them. Rule 45 does not require Neural AI to prove the answer before it is permitted to ask the question. That is what discovery is for.

**Third**, your characterization of Neural AI's proposal as an attempt to serve "interrogatories" is incorrect. Neural AI served subpoenas seeking documents and deposition testimony. It then offered OAI a substantially less burdensome alternative in providing the relevant facts through a short declaration and Neural AI would consider foregoing broader document and deposition

discovery. OAI is free to decline that accommodation. If it does, the parties can address the discovery actually commanded by the subpoenas.

The relevant information is straightforward: what NVIDIA GPUs and software OAI uses, how OAI uses them together, whether OAI modifies or customizes the NVIDIA software, and how OAI's workloads and data are processed using those products. These are facts about OAI's own operations and only OAI can testify to them. OAI's firsthand evidence concerning its own use is plainly relevant and highly probative.

**Fourth**, Neural AI alleges that the accused NVIDIA GPUs, when operated with accused NVIDIA software in the configurations identified in its infringement contentions, practice the asserted claims. Evidence that NVIDIA customers actually deploy and use those products together is directly relevant to infringement, including induced and contributory infringement, and to the extent of accused use.

Your assertion that Neural AI seeks "all configurations of all NVIDIA chips" is also incorrect. Neural AI is seeking discovery concerning the accused NVIDIA GPU architectures and accused NVIDIA software that OAI uses. Neural AI has no interest in unrelated products or configurations unrelated to OAI's use of NVIDIA hardware and software. To the extent you contend any particular request could reasonably be read more broadly, we are willing to make that limitation express.

As to burden,Neural AI has affirmatively attempted to reduce burden by proposing a declaration in lieu of potentially broader document production and deposition testimony and by offering to focus the discovery on the accused products OAI actually uses.

The parties' correspondence also does not support OAI's threatened "failure to meet and confer" argument. Neural AI has met and conferred, addressed OAI's place-of-compliance objection, explained the basis and relevance of the discovery, and proposed a substantially less burdensome alternative. What remains is for OAI to engage on the substance.

If OAI is willing to provide the information above through a declaration, documents, deposition testimony, or some reasonable combination, we are prepared to discuss that promptly. If OAI continues to refuse to provide any responsive discovery, Neural AI will seek relief from the Court.

Please provide your availability to meet and confer again this week.

Regards,

**Tanner Laiche**
**Susman Godfrey LLP**
206.505.3816 | tlaiche@susmangodfrey.com
401 Union Street | Suite 3000 | Seattle, WA 98101
**HOUSTON · LOS ANGELES · SEATTLE · NEW YORK**
This e-mail contains privileged and confidential information, which may be subject to the attorney-client privilege and/or attorney work product protection. If you received this message in error, please notify the sender and delete it immediately.

**From:** Kailey Fung <kailey@warrenllp.com>
**Date:** Wednesday, August 12, 2026 at 3:38 PM
**To:** Tanner Laiche <TLaiche@susmangodfrey.com>
**Cc:** Neural AI, LLC v. NVIDIA Corporation <24-221@cases.warrenllp.com>
**Subject:** Neural AI, LLC v. NVIDIA Corporation, No. 24-221 (W.D. Texas)

EXTERNAL Email

Counsel:

Attached please find a letter from Matthew S. Warren. Please let me know if you do not receive this attachment in good order.

Best,
Kailey Fung
--
Kailey Fung kailey@warrenllp.com +1 (415) 895-2950