# EXHIBIT

# 27

**Subject:** Re: Neural AI, LLC v. NVIDIA Corporation, No. 24-221 (W.D. Texas)
**Date:** Monday, August 17, 2026 at 9:10:29 AM Pacific Daylight Time
**From:** Tanner Laiche

**From:** Matt Warren <matt@warrenllp.com>
**Date:** Monday, August 17, 2026 at 10:23 AM
**To:** Rocco Magni <RMagni@susmangodfrey.com>
**Cc:** Neural AI, LLC v. NVIDIA Corporation <24-221@cases.warrenllp.com>
**Subject:** Neural AI, LLC v. NVIDIA Corporation, No. 24-221 (W.D. Texas)

EXTERNAL Email

Rocco:

Thanks again for meeting and conferring with me on Friday afternoon. During our call, you conveyed your best and final offer before a motion to compel, which is for my client OAI International, Inc. to produce documents sufficient to show the information sought in your client's previously circulated draft declaration. Thank you for confirming last night that I had accurately summarized this offer. OAI International has considered Neural AI's offer and must decline. I've explained our views in our various calls; I'll recap three of our reasons here.

First, as I noted when we spoke, Neural AI appears to have no basis to believe that OAI International does anything infringing at all. I say "appears" because, if Neural AI has such a basis, it hasn't told us what it is. When I asked about this on our most recent call, you repeated what you have said before: Neural AI asserts that some hardware and software configurations including NVIDIA GPUs infringe—but only some. I asked you if you had a basis to believe that OAI International used any of the hardware and software configurations that you claim infringe, but you declined to provide any such basis. Without such a basis, among many other things, the information sought by the draft declaration—which, like the subpoenas, seeks a broad swath of extremely confidential information—is not a reasonable scope of discovery under Rules 26 and 45.

Second, as we also discussed, the draft declaration seeks, among other things, information about any use by OAI International of NVIDIA chips, and is not limited to information about any use that you claim is infringing. As a result, your requests seek information—again, broad and extremely confidential information—that is not relevant to any claim or defense in this action, and not proportionate to the needs of the case, let alone the obligation to protect non-parties under Rule 45.

Third, as we also discussed, the information sought by the draft declaration is not a narrowed version of the requests in your subpoenas. To the contrary, it is a broadening, as the draft declaration seeks information not sought by your subpoenas. Although I'm sure a more detailed review would reveal other examples of this problem, here are two. First, the subpoenas seek information specifying whether OAI International performs various actions "[i]n the ordinary

course of business" or as part of "commercial operations." Neither subpoena seeks information about whether any actions fall into these categories. Second, the draft declaration seeks information regarding whether "the hardware and NVIDIA software function together as designed and intended by NVIDIA." Neither subpoena seeks this information. Thus, even if the draft declaration sought a reasonable scope of information on its own (which it does not, as I have explained above) it would still improperly seek information beyond that requested in the subpoenas.

For at least these reasons, as I have repeatedly noted during our meet-and-confer calls, the draft declaration is not a reasonable mechanism by which to narrow your pending requests. If Neural AI were interested in narrowing discovery to reach a resolution, it would have provided narrowed requests that were both narrower and requests, instead of a draft declaration that is neither.

You have said that you will move to compel today, August 17. We regret that it has come to this, but OAI International cannot agree to provide information which you have no reasonable basis to demand, and cannot accede to time pressure based on an engineered emergency caused by Neural AI's own unexplained and unexcused delay—delay which you further confirmed during our call, when you noted that NVIDIA informed you on September 9, 2025, that it did not have information about customer implementations of its products. Should Neural AI proceed with its threatened motion, OAI International will defend on all available grounds, including those above. Thank you for your continued time and courtesy in this matter.

Best Regards,
Matt Warren

--
Matt Warren matt@warrenllp.com +1 (415) 895-2928