Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
Madeline A. Woodall (State Bar No. 351664)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-80261@cases.warrenllp.com

*Attorneys for Respondent OAI International, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Petitioner,<br><br>v.<br><br>OAI INTERNATIONAL, INC.,<br><br>Respondent. | Case No. 3:26-mc-80261-AGT<br><br>**ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL OPPOSITION** |

Under Civil Local Rules 7-3 and 7-11, Respondent OAI International, Inc. respectfully seeks leave to file its attached supplemental opposition to Neural AI, LLC's motion to compel.

**INTRODUCTION**

On September 2, OAI International filed its opposition to Neural's motion to compel. The next day, September 3, Neural filed in the court supervising the underlying litigation a public version of an order from August 27. OAI International contends that this order requires denial of Neural's motion to compel so, also on September 3, OAI International wrote a one-page supplemental opposition explaining this view. OAI International asked Neural to consent to the filing of this supplemental opposition, expecting that Neural would consent to the filing but oppose on the merits in its upcoming reply brief, due on September 9. Neural refused consent, requiring this motion.

**BACKGROUND**

On August 17, 2026, petitioner Neural AI, LLC filed its Motion to Compel Compliance with Subpoena Served on Third-Party OAI International, Inc. Docket No. 1. On August 27, the Western

District of Texas issued an order in the underlying action, *Neural AI, LLC v. NVIDIA Corp.* Under the court's normal procedures, the "Court will enter a sealed order to resolve a motion if either party filed its briefing under seal," and the parties have "seven days after the Court enters the sealed order," to seek redactions. *Standing Order Regarding Filing Documents Under Seal And Redacted Public Versions* (W.D. Tex. Jan. 9, 2026). The Western District followed those procedures and initially entered a sealed order. *Neural v. NVIDIA*, Docket No. 191. Although the Western District's August 27 order did not contain any confidential information, and Neural could have filed it on the public docket at any time, it waited the full week, filing the public version only on September 3. *Neural v. NVIDIA*, Docket No. 193. Meanwhile, unaware of the contents of the August 27 order, on September 2, OAI International filed its opposition to Neural's motion to compel. Docket No. 7.

Shortly after Neural filed the Western District's August 27 order on the public docket, OAI International reviewed the order and quickly prepared a one-page supplemental opposition regarding this new-to-OAI-International order. At 2:57 p.m. on September 3, OAI International emailed its supplemental opposition to Neural, seeking Neural's consent to its filing. Declaration of Matthew S. Warren ¶ 2 & Ex. A. Neural did not reply. Shortly after 5:30 p.m., OAI International called Neural to seek consent to its filings. *Id.* ¶ 3. At 5:38 p.m., OAI International again emailed Neural to seek consent. *Id.* ¶ 4 & Ex. B. At 7:16 p.m., Neural responded that it would not consent. *Id.* ¶ 5 & Ex. C.

## ARGUMENT

"A court may allow a party to supplement the [motion] record after briefing was completed upon a showing of good cause." *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-3078, 2015 WL 3882448, at *9 (N.D. Cal. June 23, 2015) (citing Loc. Civ. R. 7-3(d)). "Courts have found good cause to supplement the [motion] record with evidence that was produced after the motion was filed." *Music Grp.*, 2015 WL 3882448, at *9 (citing *Quintana v. Claire's Stores, Inc.*, No. 13-368, 2013 WL 1736671, at *2 (N.D. Cal. Apr. 22, 2013)); *see also Shenzhenshi Haitiecheng Sci. & Tech. Co. v. Rearden LLC*, No. 15-797, 2019 WL 1560449, at *2 (N.D. Cal. Apr. 10, 2019); *Friedman v. Jenkins*, No. 23-5036, 2026 WL 2323545, at *1 n.1 (N.D. Cal. Aug. 11, 2026). Here, OAI International has identified more than good cause for its supplemental opposition. Although Neural had access to the August 27 order since August 27, OAI International could not access it until September 3, the day after its opposition in

this matter was due. If correct, OAI International's supplemental opposition will resolve the motion pending before this Court. Whether correct or not, OAI International's one-page supplement poses no prejudice to Neural; OAI is well under the Court's opposition page limit counting both its original and supplemental briefs, and Neural had and has until September 9 to prepare its reply. Loc. Civ. R. 7-3(a); 7-3(c); Docket No. 3. Neural's sole argument against supplementation is that "[w]e disagree with the arguments raised in the proposed supplemental opposition, including its timeliness arguments," but those disagreements must appear in Neural's reply, not its response to this motion. Warren Decl. Ex. C.

Where the "Court finds that the supplemental briefing submitted by the parties is helpful to the resolution of the matters before the Court," it grants "motions requesting permission to file supplemental briefing." *Evony, LLC v. Aeria Games & Ent., Inc.*, No. 11-0141, 2012 WL 12843210, at *5 n.7 (N.D. Cal. Sept. 28, 2012). That is so here: OAI International's supplemental opposition will assist the Court in resolving Neural AI's pending motion to compel by providing it with complete information regarding whether the motion was timely filed. In contrast, Neural asks the Court to rule on an incomplete record. The Court should decline this invitation, allow OAI International leave to file its supplemental opposition, and consider that supplemental opposition in ruling on Neural's motion to compel.

## CONCLUSION

For all the foregoing reasons, OAI International respectfully requests that the Court grant this motion for leave to file its attached supplemental opposition to Neural's motion to compel.

Date: September 4, 2026

Respectfully submitted,

[signature]

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
Madeline A. Woodall (State Bar No. 351664)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-80261@cases.warrenllp.com

*Attorneys for OAI International, Inc.*

# ATTACHMENT

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
Madeline A. Woodall (State Bar No. 351664)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-221@cases.warrenllp.com

*Attorneys for Respondent OAI International, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Petitioner,<br><br>v.<br><br>OAI INTERNATIONAL, INC.,<br><br>Respondent. | Case No. 3:26-mc-80261-AGT<br><br>**SUPPLEMENTAL OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON THIRD-PARTY OAI INTERNATIONAL, INC.** |

## INTRODUCTION

Based on information OAI International learned this morning, the Court can ignore yesterday's 20-page opposition brief and deny Neural's motion to compel based on this one-page brief instead. In an order that became public this morning, the court supervising the underlying litigation confirmed that Neural's motion was untimely, so this Court can and should deny Neural's motion on that ground alone.

## ARGUMENT

Neural initially told OAI International that it must file this motion before "document discovery in the underlying action closes on August 11." Docket No. 1-13 at 2. Neural later told OAI International it had obtained "a one-week extension of Neural AI's deadline to file discovery motions," until August 18. Docket No. 1-23 at 3. Neural filed this motion on August 17. Docket No. 1. OAI International had no reason to doubt Neural's claimed deadline—until this morning, when Neural filed a public version of an order, issued on August 27, in which the court denied motions to compel filed after August 11, ruling:

> While the parties apparently agreed among themselves to extend dispute deadlines, such agreements are not binding on the Court and do not supersede a court order, as noted by the Court's prior order, Local Rule CV-16(e) and the Third Amended Scheduling Order justify denial of the requests. The Court, however, will give the parties some grace—just this once—and withdraws its denial of the requested relief as untimely.

*Neural AI, LLC v. NVIDIA Corp.*, No. 24-221, Docket No. 193 at 2 (W.D. Tex. Sept. 3, 2026); *see* Exhibit 1. Although the Western District gave "the parties some grace" on those motions, it also noted that it would do so "just this once." *Id.* The Western District's ruling thus confirms that Neural's motion in this Court was untimely. *See id.* This Court should therefore deny Neural's motion to compel as untimely, in which case it need not consider any other issues raised by Neural's motion.

## CONCLUSION

OAI International respectfully requests that the Court deny Neural's motion as untimely.

Date: September 3, 2026

Respectfully submitted,

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
Madeline A. Woodall (State Bar No. 351664)
WARREN LLP

2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-221@cases.warrenllp.com

*Attorneys for OAI International, Inc.*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **NEURAL AI, LLC,** <br> ***Plaintiff,*** <br> ***v.*** <br> **NVIDIA CORPORATION,** <br> ***Defendant,*** | § § § § § § § § § | **CASE NO. 7:24-CV-00221-LS-DTG** <br> **PUBLIC VERSION** |

**AMENDED ORDER ON AUG. 19 & 21, 2026 AND DISCOVERY DISPUTE CHARTS**

On August 19, 2026, the parties submitted two discovery dispute charts. One chart asked the Court to compel production of documents from a third party, Neurala, who previously owned the asserted patents. The other chart asked the Court to compel a more complete interrogatory answer from the plaintiff and to compel the plaintiff to produce communications between the third party, Neurala, and another third party. The Court previously entered an order denying the relief requested in those charts as untimely. By email to the Court, the defendant requested reconsideration of that order because the parties, unbeknownst to the Court, had agreed to extend the deadline.

The two charts submitted on August 19, 2026, generally involve discovery directed at the plaintiff's marking allegations. One chart requests source code from a third party, Nuerala, based in part on the plaintiff's claim that the source code alone does not practice the patent and does not trigger a marking requirement. The other chart seeks an updated interrogatory response related to marking and production of eight emails between the plaintiff and a third-party.

On August 21, 2026, the parties submitted another discovery dispute chart directed at third party, Pelion, on whom the defendant served a subpoena. That subpoena generally requests

information about valuations the third party placed on the patents or the prior patent owner, Neurala, for investment purposes. The third party, Pelion, requests that the Court quash the subpoena as untimely and as seeking overbroad irrelevant information.

As noted above, the Court previously denied the relief requested in the first two charts as untimely. Dkt. No. 190. While the parties apparently agreed among themselves to extend dispute deadlines, such agreements are not binding on the Court and do not supersede a court order, as noted by the Court's prior order, Local Rule CV-16(e) and the Third Amended Scheduling Order justify denial of the requests. The Court, however, will give the parties some grace—just this once—and withdraws its denial of the requested relief as untimely.

After reviewing all three charts and the exhibits submitted with each, the defendant's requested relief is **DENIED**. The Court finds that the plaintiff's answer to the marking interrogatory is sufficient, and that the eight emails are covered by the work-product protection. The Court further finds that the information from the third parties—Nuerala and Pelion—are not relevant and the production is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The plaintiff's interrogatory response makes clear its position that the software alone does not practice the patent and does not trigger a marking requirement. Nothing about the source code would make that statement any more or less probable. Fed. R. Evid. 401. The defendant's concern that the plaintiff will attempt to rely on source code that it failed to produce in discovery is premature and can be addressed if the plaintiff makes such an attempt. Finally, the valuations a potential investor placed on a prior patent owner are highly speculative, irrelevant, and not proportional to the needs of this case.

For those reasons, the relief requested by the defendant in its two charts of August 19, 2026, and its chart of August 21, 2026, are **DENIED**.

**SIGNED** this 27th day of August, 2026.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE