# EXHIBIT A

# Neural AI, LLC v. OAI International, Inc., Case No. 26-80261 (N.D. California)

**Matt Warren** <matt@warrenllp.com> Thu, Sep 3, 2026 at 2:57 PM
To: Tanner Laiche <tlaiche@susmangodfrey.com>
Cc: "Neural AI, LLC v. OAI International, Inc." <26-80261@cases.warrenllp.com>

Tanner:

OAI International will seek leave to file the attached supplemental opposition to Neural's motion to compel. Our rationale for filing today rather than yesterday will be apparent when you read it. Although Neural may disagree with the substance of this supplemental opposition, and will have an opportunity to express that disagreement in its reply brief, under these circumstances we would hope that you would promptly consent to our filing of this supplemental opposition.

If you consent, we will prepare a stipulation under Local Rule 7-12. If you do not consent, we will move for leave to file under Local Rule 7-11. Please let us know as soon as possible whether you will consent, as we want to file either a stipulation or a motion today.

Thank you for your continued time and courtesy in this matter.

Best Regards,
Matt Warren

--
Matt Warren matt@warrenllp.com +1 (415) 895-2928

---

**1.pdf**
874K

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
Madeline A. Woodall (State Bar No. 351664)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-221@cases.warrenllp.com

*Attorneys for Respondent OAI International, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Petitioner,<br><br>v.<br><br>OAI INTERNATIONAL, INC.,<br><br>Respondent. | Case No. 3:26-mc-80261-AGT<br><br>**SUPPLEMENTAL OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON THIRD-PARTY OAI INTERNATIONAL, INC.** |

## INTRODUCTION

Based on information OAI International learned this morning, the Court can ignore yesterday's 20-page opposition brief and deny Neural's motion to compel based on this one-page brief instead. In an order that became public this morning, the court supervising the underlying litigation confirmed that Neural's motion was untimely, so this Court can and should deny Neural's motion on that ground alone.

## ARGUMENT

Neural initially told OAI International that it must file this motion before "document discovery in the underlying action closes on August 11." Docket No. 1-13 at 2. Neural later told OAI International it had obtained "a one-week extension of Neural AI's deadline to file discovery motions," until August 18. Docket No. 1-23 at 3. Neural filed this motion on August 17. Docket No. 1. OAI International had no reason to doubt Neural's claimed deadline—until this morning, when Neural filed a public version of an order, issued on August 27, in which the court denied motions to compel filed after August 11, ruling:

> While the parties apparently agreed among themselves to extend dispute deadlines, such agreements are not binding on the Court and do not supersede a court order, as noted by the Court's prior order, Local Rule CV-16(e) and the Third Amended Scheduling Order justify denial of the requests. The Court, however, will give the parties some grace—just this once—and withdraws its denial of the requested relief as untimely.

*Neural AI, LLC v. NVIDIA Corp.*, No. 24-221, Docket No. 193 at 2 (W.D. Tex. Sept. 3, 2026); *see* Exhibit 1. Although the Western District gave "the parties some grace" on those motions, it also noted that it would do so "just this once." *Id.* The Western District's ruling thus confirms that Neural's motion in this Court was untimely. *See id.* This Court should therefore deny Neural's motion to compel as untimely, in which case it need not consider any other issues raised by Neural's motion.

## CONCLUSION

OAI International respectfully requests that the Court deny Neural's motion as untimely.

Date: September 3, 2026

Respectfully submitted,



Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
Madeline A. Woodall (State Bar No. 351664)
WARREN LLP

2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-221@cases.warrenllp.com

*Attorneys for OAI International, Inc.*

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| **NEURAL AI, LLC,** | § | |
| ***Plaintiff,*** | § | |
| ***v.*** | § | **CASE NO. 7:24-CV-00221-LS-DTG** |
| **NVIDIA CORPORATION,** | § | **PUBLIC VERSION** |
| ***Defendant,*** | § | |

**AMENDED ORDER ON AUG. 19 & 21, 2026 AND DISCOVERY DISPUTE CHARTS**

On August 19, 2026, the parties submitted two discovery dispute charts. One chart asked the Court to compel production of documents from a third party, Neurala, who previously owned the asserted patents. The other chart asked the Court to compel a more complete interrogatory answer from the plaintiff and to compel the plaintiff to produce communications between the third party, Neurala, and another third party. The Court previously entered an order denying the relief requested in those charts as untimely. By email to the Court, the defendant requested reconsideration of that order because the parties, unbeknownst to the Court, had agreed to extend the deadline.

The two charts submitted on August 19, 2026, generally involve discovery directed at the plaintiff's marking allegations. One chart requests source code from a third party, Nuerala, based in part on the plaintiff's claim that the source code alone does not practice the patent and does not trigger a marking requirement. The other chart seeks an updated interrogatory response related to marking and production of eight emails between the plaintiff and a third-party.

On August 21, 2026, the parties submitted another discovery dispute chart directed at third party, Pelion, on whom the defendant served a subpoena. That subpoena generally requests

information about valuations the third party placed on the patents or the prior patent owner, Neurala, for investment purposes. The third party, Pelion, requests that the Court quash the subpoena as untimely and as seeking overbroad irrelevant information.

As noted above, the Court previously denied the relief requested in the first two charts as untimely. Dkt. No. 190. While the parties apparently agreed among themselves to extend dispute deadlines, such agreements are not binding on the Court and do not supersede a court order, as noted by the Court's prior order, Local Rule CV-16(e) and the Third Amended Scheduling Order justify denial of the requests. The Court, however, will give the parties some grace—just this once—and withdraws its denial of the requested relief as untimely.

After reviewing all three charts and the exhibits submitted with each, the defendant's requested relief is **DENIED**. The Court finds that the plaintiff's answer to the marking interrogatory is sufficient, and that the eight emails are covered by the work-product protection. The Court further finds that the information from the third parties—Nuerala and Pelion—are not relevant and the production is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The plaintiff's interrogatory response makes clear its position that the software alone does not practice the patent and does not trigger a marking requirement. Nothing about the source code would make that statement any more or less probable. Fed. R. Evid. 401. The defendant's concern that the plaintiff will attempt to rely on source code that it failed to produce in discovery is premature and can be addressed if the plaintiff makes such an attempt. Finally, the valuations a potential investor placed on a prior patent owner are highly speculative, irrelevant, and not proportional to the needs of this case.

For those reasons, the relief requested by the defendant in its two charts of August 19, 2026, and its chart of August 21, 2026, are **DENIED**.

**SIGNED** this 27th day of August, 2026.



DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE