Tanner Laiche
CA State Bar No. 344342
401 Union Street, Suite 3000
Seattle, WA 98101
tlaiche@susmangodfrey.com

*Attorney for Petitioner Neural AI, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

NEURAL AI, LLC,

Petitioner,

v.

OAI INTERNATIONAL, INC.,

Respondent.

Misc. Case No. 3:26-mc-80261-AGT

**NEURAL AI'S OPPOSITION TO OAI INTERNATIONAL, INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL OPPOSITION**

Principal case pending in Western District of Texas, Civil Action No. 7:24-cv-00221-LS-DTG

## I. INTRODUCTION

OAI International, Inc.'s ("OpenAI") Motion for Leave to File Supplemental Opposition ("Motion" or "Mot.") should be denied. OpenAI seeks to inject into the record an unrelated Western District of Texas order that has no bearing on this subpoena dispute and would only confuse the issues and distract from the merits of Neural AI, LLC's ("NAI") Motion to Compel.

OpenAI already filed a twenty-page opposition on September 2. Two days later, it sought a second opposition based on an August 27 Western District of Texas order that became publicly available on September 3. Mot. Ex. 1 ("Order"). But that Order did not address this subpoena, this proceeding, or NAI's August 17 Motion to Compel OpenAI. Although the Texas court observed that private agreements extending discovery deadlines do not bind the court, it expressly withdrew its initial timeliness ruling and resolved each dispute on the merits. *Id.* at 2–3. Nothing in the Order considered—much less held untimely—NAI's Rule 45 motion against OpenAI. More fundamentally, NAI's motion was timely under this Court's Local Rule 37-3 and WDTX Local Rule CV-16(e) regardless of the parties' stipulated extension, and NAI's request for deposition testimony was filed while deposition discovery remains open through September 16.

The August 27 Order therefore changes nothing. OpenAI seeks another round of substantive briefing to press a timeliness argument the Order neither decided nor supports, and that fails under the applicable rules in any event. Because the proposed supplement would not aid the Court in resolving NAI's Motion to Compel, OpenAI has not shown good cause.

## II. ARGUMENT

Supplemental briefing is permitted only upon a showing of good cause. *See Cadence Design Sys., Inc. v. Yunjing Intelligent Innovation (Shenzhen) Co.*, 2026 WL 751167, at *4 (N.D. Cal. Mar. 17, 2026). Courts have found good cause where genuinely new evidence emerged after briefing. *Music Grp. Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3882448, at *9 (N.D. Cal. June 23,

2015). But good cause does not exist where the "proposed additional evidence would not aid the Court in resolving the motion." *Cadence Design Sys*., 2026 WL 751167, at *4; *see also Adams v. Haviland*, No. 2:08-cv-00688-JKS, Dkt. 21, at 11 (E.D. Cal. Sept. 28, 2011) (denying supplemental briefing that would "unduly prolong" the case "without any possibility of changing the result" and "would not aid the Court"); *Melendres v. Maricopa Cnty*., 2009 WL 2515618, at *6 (D. Ariz. Aug. 13, 2009) (denying leave where the proposed supplement "does not assist the Court in the resolution of this issue"). OpenAI cannot establish good cause here.

**A. The August 27 Order Did Not Address NAI's Motion and Does Not Support OpenAI's Timeliness Argument.**

OpenAI says the August 27 Order "confirmed" NAI's motion was untimely. Dkt. 11 at 6. It did no such thing. The Order addressed discovery-dispute charts filed by NVIDIA in the underlying action concerning entirely different disputes, including marking allegations, source code, interrogatory responses, and valuation information. *Id*. NAI's Rule 45 motion against OpenAI was not before the Texas court, and neither OpenAI nor NAI's motion is mentioned anywhere in the Order. An order resolving different disputes cannot "confirm" the timeliness of a motion it never considered. *See Adams v. Lab'y Corp. of Am.*, 2012 WL 370262, at *7 (N.D. Ga. Feb. 3, 2012) (denying leave where information from an unrelated case did "not meaningfully add to the arguments of the parties").

Nor did the Texas court ultimately deny the disputes before it as untimely. The Texas court stated that the parties' private extensions did not bind the court. Mot. Ex. 1 at 2. But the very next sentence withdrew that timeliness denial: "The Court, however, will give the parties some grace—just this once—and withdraws its denial of the requested relief as untimely." *Id.* The court then addressed all three disputes on the merits. *Id.* at 2–3.

The Order therefore establishes only that the parties' stipulation did not bind the Texas court as a matter of law, not that the court disregarded it or treated filings made pursuant to it as untimely. To the contrary, the court expressly allowed the disputes before it to proceed and decided them on the merits. The Order thus provides no support for OpenAI's claim that NAI's August 17 motion—against a different party, concerning a different subpoena, and filed in a different proceeding—was untimely, much less that the Texas court "confirmed" that conclusion.

**B. NAI's Motion Was Timely Regardless of the Parties' Stipulated Extension.**

OpenAI's proposed supplement depends on a premise that NAI's motion is timely only if the parties' stipulated extension is enforceable. For several reasons it is not.

***First***, NAI complied with this Court's Local Rule 37-3. That Rule permits a motion to compel to be filed up to "7 days after the discovery cut-off." Document discovery closed August 11. NAI filed its motion on August 17, six days later. The motion was therefore timely under the rules of the Court in which it was filed.

***Second***, the same result follows under WDTX Local Rule CV-16(e). That Rule permits a discovery motion "filed within 14 days after the discovery deadline" when it concerns "conduct occurring during the final 7 days of discovery." OpenAI's responses and objections to NAI's revised subpoena were due August 7, four days before the August 11 cutoff. In those responses, OpenAI again refused to produce any documents or designate a witness on any topic. NAI then completed an additional meet-and-confer and follow-up correspondence before filing its motion on August 17, ten days after OpenAI's responses and well within Rule CV-16(e)'s fourteen-day window.

***Third***, the August 11 deadline applied only to document discovery. Deposition discovery remains open until September 16. Because NAI's motion seeks testimony from OpenAI, it was filed a month before that discovery period closed.

None of those facts was before the Texas court when it resolved NVIDIA's unrelated discovery disputes. And none depends on enforcing the parties' stipulated extension. The August 27 Order therefore adds nothing to the timeliness analysis.

**C. A New Decision Does Not Entitle OpenAI to a Second Opposition.**

The Local Rules already provide a mechanism for bringing genuinely new authority to the Court's attention without reopening briefing. Civil Local Rule 7-3(d)(2) permits a party to file a Statement of Recent Decision identifying a recent judicial opinion and attaching a copy "without argument." The Rule thus distinguishes notifying the Court of new authority from filing another substantive brief.

Courts in this District enforce that distinction. See *Netflix, Inc. v. Rovi Corp.*, No. 11-cv-06591-PJH, Dkt. 164 at 2 (N.D. Cal. May 21, 2015) (denying leave to file supplemental briefing based on two recent decisions and noting that the local rules permit a statement of recent decision "without argument"); *Yen v. Vento Family Trust*, No. 5:08-cv-03535-RMW Dkt. 72, at 5 (N.D. Cal. Feb. 7, 2009) (denying leave to file a supplemental opposition where "nothing in the reply necessitates a supplemental opposition").

The Order does not change governing law, decide any issue presented by NAI's motion, or introduce a new factual development concerning OpenAI's subpoena. At most, it is a newly available order OpenAI wishes to argue by analogy. Rule 7-3(d)(2) provides a mechanism for identifying such authority without granting OpenAI a second opposition.

OpenAI's lack-of-prejudice argument does not supply the missing good cause. OpenAI emphasizes that NAI can address the supplemental opposition in its September 9 reply and that its two oppositions together remain within the page limit. Mot. at 3. Neither point answers the relevant question. A party does not earn another substantive brief merely because its opponent still has time

to respond, nor does remaining within the page limit create an entitlement to additional briefing. The question is whether the supplemental brief would materially assist the Court. It would not.

Indeed, the proposed supplement confirms the problem. OpenAI asks the Court to deny NAI's motion "on that ground alone," Dkt. 11 at 6, based on an Order that never addressed this motion and a deadline theory that fails under the applicable rules. OpenAI already had twenty pages to oppose NAI's motion. Good cause does not exist to reopen briefing so OpenAI can add an immaterial argument based on an unrelated order.

## III. CONCLUSION

For the foregoing reasons, NAI respectfully requests that the Court deny OpenAI's Motion for Leave to File Supplemental Opposition.

Dated: September 9, 2026

Respectfully submitted,

*/s/ Tanner Laiche*
Tanner Laiche
CA State Bar 344342
401 Union Street, Suite 3000
Seattle, WA 98101
tlaiche@susmangodfrey.com

*Attorney for Petitioner Neural AI, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel for OAI International, Inc.

*/s/ Tanner Laiche*
Tanner Laiche