Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
Madeline A. Woodall (State Bar No. 351664)
WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
26-80261@cases.warrenllp.com

*Attorneys for Respondent OAI International, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEURAL AI, LLC,<br><br>Petitioner,<br><br>v.<br><br>OAI INTERNATIONAL, INC.,<br><br>Respondent. | Case No. 3:26-mc-80261-AGT<br><br>**OAI INTERNATIONAL, INC.'S RESPONSE TO COURT ORDER OF SEPTEMBER 30, 2026** |

Respondent OAI International, Inc. hereby responds to the Court's order of September 30, 2026, asking whether OAI International consents to transfer under Fed. R. Civ. P. 45(f). Docket No. 18 at 2. OAI International does not consent to transfer, for the following reasons.

First, the potential "exceptional circumstances" referenced by the Court are the result of Neural's litigation choices. The order noted "the complexity of the underlying action, plus the fact that all but one of the nine motions to compel were filed in the issuing court," as possibly "exceptional circumstances" allowing transfer. Docket No. 18 at 2; Fed. R. Civ. P. 45(f). A complex underlying matter is not an exceptional circumstance by itself. *E.g., CMB Expert, LLC v. Atteberry*, No. 14-51, 2014 WL 2197840, at *2 (N.D. Tex. May 27, 2014) (factors including "that the underlying action is 'fairly complex'" are not "exceptional circumstances warranting a Rule 45(f) transfer."); *Gilbert v. Rare Moon Media, LLC*, No. 15-217, 2016 WL 141635, at *2 (D. Kan. Jan. 12, 2016) ("Complicated cases are not 'exceptional,' and the court understands the issues here."); *Isola USA Corp. v. Taiwan Union*

*Tech. Corp.*, No. 15-94003, 2015 WL 5934760, at *3 (D. Mass. June 18, 2015) (although "there is no question that the District of Arizona is more familiar with the procedural and substantive aspects of the underlying patent litigation," that "cannot be what Congress meant when it required a finding of exceptional circumstances, otherwise the exception would swallow the rule"), *R. & R. adopted*, 2015 WL 5944286 (D. Mass. Feb. 2, 2015). Thus, as the Court notes, any exceptional circumstances must come from the additional fact that "all but one of the nine motions to compel were filed in the issuing court" (Docket No. 18 at 2)—and that resulted from Neural's litigation choices. Neural waited almost a year to serve subpoenas, and then refused to negotiate the scope of the subpoenas it served. Opp. at 2:24 to 3:8, 4:10 to 5:9. As a result, many non-parties declined to produce documents, and Neural filed a wave of ancillary actions at the same time. *Id.* at 5:11-20. If the Court finds that Neural's motions are "exceptional circumstances" under Rule 45(f), it will give litigants a perverse incentive to bring a coordinated wave of discovery motions instead of resolving disputes with non-parties. "Courts should avoid rulings creating 'perverse incentives that discourage useful settlements and encourage protracted litigation.'" *United States v. Patrol Servs., Inc.*, 202 F. App'x 357, 361 (11th Cir. 2006) (quoting *United States v. Aisenberg*, 358 F.3d 1327, 1343 (11th Cir. 2004)). Transfer would do exactly that.

Second, Neural failed to seek transfer and it is now too late. "The proponent of transferring the motion to the issuing court bears the burden of showing 'exceptional circumstances.'" *Music Grp. Macao Com. Offshore Ltd. v. Does*, 82 F. Supp. 3d 979, 984 (N.D. Cal. 2015) (quoting W. Schwarzer *et al., California Practice Guide: Federal Civil Procedure Before Trial* ¶ 11:2290.1 (Rutter Group 2014)). Neural did not try to show exceptional circumstances or address the burden analysis, and thus "waived this issue." *St. Jude Med. S.C., Inc. v. Janssen-Counotte*, 104 F. Supp. 3d 1150, 1169 (D. Or. 2015).

Third, transfer would punish OAI International for doing the right thing. Neural first served subpoenas with places of compliance in Austin, Texas. OAI International had ironclad arguments that those places of compliance were deficient under Fed. R. Civ. P. 45(c), which rendered those subpoenas invalid on their face. Docket No. 1-22 at 2. Rather than quietly preserving those arguments for an eventual motion, OAI identified these place-of-compliance arguments in its first meet-and-confer call with Neural, told Neural it was confident these arguments would prevail, and further told Neural it would not raise these arguments against subpoenas specifying places of compliance in San Francisco.

*Id.* As a result, Neural served new subpoenas, specifying a valid place of compliance. Docket No. 1-6. Should the Court transfer this action, it would put OAI International in an objectively worse position than if it had kept quiet: still before the Western District, but without its ironclad arguments against invalid places of compliance. "'The prime concern' in deciding Rule 45(f) transfer motions 'should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions.'" *Music Grp.*, 82 F. Supp. 3d at 984. "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *SharkDiver Consulting Inc. v. Gemini Direct LLC*, No. 24-16, 2024 WL 2863508 at *1 (D. Ariz. June 6, 2024) (quoting Fed. R. Civ. P. 45(f) advisory comm.'s note to 2013 amend.) On these facts that cannot be so, and transfer would provide "perverse incentives" not to do the right thing when meeting and conferring. *Patrol Servs.*, 202 F. App'x at 361.

The Court also ordered the parties to "notify the Court of any relevant developments in the related subpoena disputes." Docket No. 18 at 2. Neural filed nine ancillary actions, including this one. Opp. at 5:11-20. Neural has since dismissed four of these actions, leaving this one plus four others:

| **Non-Party** | **Case Number** | **Date Filed** | **Status** |
|---|---|---|---|
| Amazon.com, Inc. | 7:26-mc-00241 | June 24, 2026 | Pending |
| Microsoft Corp. | 7:26-mc-00242 | June 24, 2026 | Pending |
| Tesla, Inc. | 7:26-mc-00318 | August 17, 2026 | Pending |
| X.AI Corp. | 7:26-mc-00319 | August 17, 2026 | Dismissed |
| Meta Platforms, Inc. | 7:26-mc-00322 | August 18, 2026 | Dismissed |
| CoreWeave, Inc. | 7:26-mc-00323 | August 18, 2026 | Dismissed |
| Google, LLC | 7:26-mc-00324 | August 18, 2026 | Pending |
| Oracle Corp. | 7:26-mc-00325 | August 18, 2026 | Dismissed |

OAI International does not have any information regarding these actions beyond their public docket entries. Should the information in this chart change, OAI International will file an updated version.

Date: October 7, 2026

Respectfully submitted,

Matthew S. Warren (State Bar No. 230565)
Erika H. Warren (State Bar No. 295570)
DeMarcus B. T. Williams (State Bar No. 329756)
Madeline A. Woodall (State Bar No. 351664)

WARREN LLP
2261 Market Street, No. 606
San Francisco, California, 94114
+1 (415) 895-2940
+1 (415) 895-2964 facsimile
24-221@cases.warrenllp.com

*Attorneys for OAI International, Inc.*